UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

EDUAR JOSE RIVAS RIVAS,

Petitioner,

v.

WARDEN, Northwest ICE Processing Center, et al.,

Respondents.

CASE NO. 2:26-cv-03984-JHC

**ORDER**

**I**

**INTRODUCTION**

This matter comes before the Court on Eduar Jose Rivas Rivas' Petition for Writ of Habeas Corpus. Dkt. # 1. The Court has reviewed the materials filed in support of and in opposition to the petition, the rest of the record, and the governing law. Being fully advised, for the reasons below, the Court GRANTS the petition.

**II**

**BACKGROUND**

Petitioner is a citizen of Venezuela and entered the United States in September 2023. Dkt. # 2 at 1-2. Immigration authorities detained him when he entered the country. Dkt. # 7 at 1.

On October 2, 2023, immigration authorities issued Petitioner a Notice to Appear, classifying him as a noncitizen "present in the United States who has not been admitted or paroled," and charging him as removable under Section 212(a)(6)(A)(i) of the INA. Dkt. # 8-1. Petitioner was then released on an order of his own recognizance (OREC). Dkt. # 8-3. He applied for asylum, and the application is still pending. Dkt. # 2 at 2-3; Dkt. # 7 at 2.

In April 2024, Petitioner was arrested for driving under the influence (DUI) and failure to perform duties of a driver related to property damage. Dkt. # 8-4 at 2. In June 2024, Petitioner pleaded guilty to failure to perform duties of a driver, was sentenced to 18 months' probation, and participated in a DUI diversion program resulting in the dismissal of his misdemeanor DUI charge. *Id.* at 8; Dkt. # 7 at 2. Petitioner has no other criminal history and attended all required ICE check-ins under his OREC. Dkt. # 2 at 3, 5.

In September 2026, Petitioner reported for an ICE check-in and was detained. Dkt. # 7 at 2. He is currently detained at the Northwest ICE Processing Center (NWIPC). Dkt. # 2 at 1.

## III

## Discussion

Federal district courts may grant a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c). "The petitioner carries the burden of proving by a preponderance of the evidence that [they are] entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

Petitioner argues that he is entitled to habeas relief because his arrest and re-detention without notice or a pre-deprivation hearing violated his right to due process under the Fifth Amendment of the U.S. Constitution. Dkt. # 1 at 7.

Respondents contend that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) as an applicant for admission who was initially processed near the United States border. Dkt. # 6 at 4. But Respondents also acknowledge that courts in this District have repeatedly found that noncitizens released on an OREC who live in the United States for years before re-detention fall outside of 8 U.S.C. § 1225(b)'s mandatory detention scheme and are detained under 8 U.S.C. § 1226(a). Dkt. # 6 at 5; *see Herrera Gomez v. Wamsley*, 2026 WL 279966, at *2 (W.D. Wash. Feb. 3, 2026) (concluding that the re-detention of a petitioner initially encountered at the border and then released on an OREC was governed by 8 U.S.C. § 1226(a)); *Ledesma Gonzalez v. Bostock*, 808 F. Supp. 3d 1189, 1197-98 (W.D. Wash. 2025) (same).

Regarding Petitioner's due process arguments, Respondents expressly acknowledge that "[t]he facts in this case are similar to prior cases where courts have found that ICE violated due process when re-detaining a noncitizen for violations of an OREC without a pre-deprivation hearing." Dkt. # 6 at 6; *see Sandhu v. Mullin*, 2026 WL 1251661, at *2 (W.D. Wash. May 7, 2026) (finding a due process violation where petitioner was convicted of a DUI then detained by ICE at a check-in without notice or a pre-deprivation hearing); *Gomez-Lopez v. Hernandez*, 2026 WL 1660359, at *1-2 (W.D. Wash. June 9, 2026) (finding a due process violation where petitioner was convicted of a DUI but was detained by ICE without notice or a pre-deprivation hearing a year later); *Awa v. Noem*, 2026 WL 943593, at *1-2 (W.D. Wash. Apr. 8, 2026) (finding a due process violation where the government revoked petitioner's OREC based on a DUI charge that was dismissed upon completion of a diversion program).

Respondents do not make any specific arguments regarding Petitioner's due process claims. *See* Dkt. # 6. They instead rest on arguments they advanced in another habeas petition

matter, *Aparicio Alvarez v. Warden Northwest ICE Processing Center*, in which this Court granted the petitioner relief, concluding that the government violated his due process rights by re-detaining him without notice or a pre-deprivation hearing despite a misdemeanor conviction that may have violated his OREC. 2026 WL 2718366, at *2-4 (W.D. Wash. Sept. 15, 2026).

Accordingly, based on the cases cited above, the Court concludes that Petitioner has shown by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States" and is therefore entitled to habeas relief. *See* 28 U.S.C. § 2241(c).

## IV

## CONCLUSION

For these reasons, the Court GRANTS the habeas petition (Dkt. # 1) and ORDERS that Petitioner be released from custody within 24 hours of this Order, subject to reasonable conditions. The Court further ORDERS that Petitioner shall not be re-detained until after a hearing before a neutral decisionmaker and adequate notice.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

DATED this 4th day of November, 2026.

John H. Chun
United States District Judge